OPINION
{¶ 1} Appellant Thomas Lee Allison appeals his conviction and sentence entered in the Stark County Court of Common Pleas on one count of trafficking in marijuana and one count of possession of marijuana.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On or about June 2, 2005, Canton Police Officer John Dittmore and Alcohol, Tobacco, Firearms and Explosives (ATF) Agent Thomas A. Hopkins were operating as a gang task force unit. The unit had received reports from a confidential informant that drugs were being sold in the vicinity of Skyline Terrace Apartments and specifically the 921 building on Alan Page Drive, Canton, Ohio. The drugs were being sold by an individual driving a white car believed to be a Chevrolet Caprice. As a result of the information, Dittmore and Hopkins were conducting surveillance in the area.
 {¶ 4} They observed a white Chevrolet Impala by the 921 building with two occupants in it. The car left the vicinity of the building traveling on Alan Page Drive, then north on Cherry Avenue, then west on 11th Street. Dittmore and Hopkins followed the white car in their unmarked police car and observed the driver of the white car make a turn from Cherry onto 11th
Street without signaling.
 {¶ 5} Upon observing the traffic violation, Dittmore and Hopkins requested that a marked police cruiser perform the traffic stop. Police Officer Overdorf, in a marked police cruiser, was dispatched to the scene and made the traffic stop.
 {¶ 6} Dittmore approached the driver of the vehicle and learned it was Allison. Dittmore learned that Allison was the registered owner of the vehicle.' Hopkins approached the passenger side of the white car. The passenger rolled his window down. When asked for identification, he indicated he had none and that he had just "got out of prison for trafficking in marijuana, and that he was currently on parole."' Hopkins learned that his name was John Cameron.
 {¶ 7} Hopkins noticed that the car "reeked" of marijuana. Overdorf noticed the smell of marijuana as well. While Hopkins was talking with Cameron, he also noticed some green vegetable matter which he believed to be marijuana sprinkled around the console of the car. Hopkins also saw the corner of a large Ziploc freezer bag sticking out of the center console. Hopkins also saw stuffed down under the seat between the front passenger door and the seat what looked like a black leather bag. Thinking that the bag may have contained a gun, Hopkins opened the door and had Cameron step out of the car. Likewise, Dittmore had Allison, the driver, step out of the car. Both Cameron and Allison were patted down by the officers. Hopkins observed a bag of marijuana and a scale in the center console. Hopkins pulled what he thought was the leather bag from under the seat to determine if it was a weapon. Hopkins then observed several large bags of marijuana under the seat.
Allison and Cameron were arrested and the car was inventoried before being towed. The scales and 498.92 grams of marijuana were confiscated. The marijuana was found in plastic bags under the driver's seat, the front passenger seat and the center console.
 {¶ 8} Allison was taken to Canton City police headquarters and read his Miranda rights. Allison told the officers that he had been selling marijuana for the last two years, to offset his income. He had applied for Social Security but had not received it yet and he was "supporting himself through the sale of marijuana."
 {¶ 9} On July 12, 2005, the Stark County Grand Jury indicted appellant on one count of trafficking in marijuana in violation of R.C. § 2925.03(A)(2)(3)(c), a felony of the fourth degree and one count of possession of marijuana in violation of R.C. §2925.11(A)(C)(3)(c), a felony of the fifth degree.
 {¶ 10} Specifically, the charges read that he was charged with trafficking in marijuana and/or aiding abetting another in doing so.
 {¶ 11} On August 22, 2005, Appellant filed a Motion to Suppress.
 {¶ 12} An evidentiary hearing on Appellant's motion to suppress was held on September 6, 2005, and October 12, 2005. The arresting officers and the ATF agent testified at said hearing.
 {¶ 13} On November 16, 2005, the trial court orally announced it decision on the motion to suppress wherein it found that the police did not have sufficient credible evidence to conduct a pat-down search of Appellant and suppressed the large quantity of sandwich bags found on Appellant during the pat-down search. The trial court did however find that the stop of Appellant based on a traffic offense was legal and overruled the remainder of the motion to suppress.
 {¶ 14} On November 16, 2005, Appellant entered a plea of no contest to the charges.
 {¶ 15} At the sentencing hearing for December 19, 2005, the trial court sentenced Appellant to twelve months incarceration but suspended same subject to the successful completion of two years community control and drug and alcohol treatment.
 {¶ 16} It is from the denial of his motion to suppress that Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 17} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE ARISING FROM THE UNLAWFUL SEIZURE AND SEARCH OF APPELLANT AND HIS VEHICLE, THEREBY VIOLATING APPELLANT'S RIGHT TO BE FREE FROM UNREASONABLE SEIZURES AND SEARCHES AS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."
 I. {¶ 18} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress evidence. We disagree.
 {¶ 19} There are three methods of challenging on appeal the trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Klein (1981), 73 Ohio App.3d 486,597 N.E.2d 1141; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726.
 {¶ 20} Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds.
 {¶ 21} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v.Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906.
 {¶ 22} In the instant case, Appellant is arguing that the trial court incorrectly decided the ultimate issue raised in his motion to suppress. This Court therefore must independently determine whether the facts of the case warranted the stop of Appellant's vehicle.
 {¶ 23} In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility.Guysinger, supra, at 594 (citations omitted). Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id., citing State v. Fausnaugh (Apr. 30, 1992), Ross App. No. 1778.
 {¶ 24} Appellant argues that the traffic stop leading to his arrest was not based upon reasonable suspicion or probable case that he had committed a traffic violation.
 {¶ 25} "The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause. The first part of the analysis involves only a determination of historical facts, but the second is a mixed question of law and fact". Ornelas v. United States
(1996), 517 U.S. 690, 695-96, 116 S.Ct. 1657, 1661-62. In general, we review determinations of historical facts only for clear error. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 698, 116 S.Ct. at 1663. On the other hand, determinations of reasonable suspicion and probable cause are reviewed de novo. Id.
 {¶ 26} The first issue is whether the factual findings, as determined by the lower court at the evidentiary hearing on the motion to suppress evidence, were clearly erroneous. "A finding is `clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."United States v. United States Gypsum Co. (1947), 333 U.S. 364,395. Moreover, where the evidence would support several conclusions but the lower court has decided to weigh more heavily in one direction, "[s]uch a choice between . . . permissible views of the weight of evidence is not `clearly erroneous'."United States v. Yellow Cab Co. (1949), 338 U.S. 338, 342.
 {¶ 27} Upon review, we find that the trial court's determination that probable cause to stop existed is supported by the record.
 {¶ 28} Officer Dittmore testified that he observed Appellant fail to signal for a lane change or for the actual turn, prior to making such a turn. (9/16/05 Supp. T. at 10.)
 {¶ 29} ATF Agent Hopkins, likewise testified that he observed Appellant make a turn without signaling. (10/12/05 Supp. T. at 6).
 {¶ 30} Officer Dittmore signed the citation for the traffic violation.
 {¶ 31} Regardless of the reason why the officers were initially following Appellant, the stop was not effectuated until the officers observed Appellant violate traffic laws. A stop of a vehicle based on probable cause that a traffic violation has occurred is not unreasonable under the Fourth Amendment, regardless of any ulterior motive the police may have for such stop. Dayton v. Erickson (1996), 76 Ohio St.3d 3; Whren v.United States (1996), 517 U.S. 806.
 {¶ 32} Upon stopping the vehicle, while engaging in conversation with Appellant's passenger, ATF Agent Hopkins observed what appeared to be marijuana sprinkled on the console of the vehicle and detected a strong odor of fresh marijuana. He also learned from the passenger that he had just recently been released from prison for trafficking in marijuana. Additionally, Agent Hopkins observed what he believed to be a black leather bag shoved under the passenger seat of the vehicle which he was concerned may contain a weapon. The passenger was then asked to exit the vehicle and Agent Hopkins found several large bags of marijuana under the seat.
 {¶ 33} Based on the foregoing, this Court finds that the trial court was not in error in overruling Appellant's motion to suppress the evidence seized as a result the warrantless search.
 {¶ 34} Appellant's sole assignment of error is overruled.
 {¶ 35} This cause is affirmed.
Boggins, J. Farmer, P.J and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.